1    **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2    Name _LOWE_____ _MARK_____ _M_____
         (Last)          (First)         (Initial)

3    Prisoner Number _F/8836_____

4    Institutional Address _CSP- Sacramento_____

5    _P.O. Box 290066  Represa Calif; 95671_____

6    ========================================================
                   UNITED STATES DISTRICT COURT
7                 NORTHERN DISTRICT OF CALIFORNIA

8    _MARK McCain LOWE_____ )
     (Enter the full name of plaintiff in this action.)  )
9                                                         )
                          vs.                             )    Case No. _____
10   _Jimmy Walker_____    )    (To be provided by the clerk of court) **SI**
                                                          )
11   _  _____Warden_____  )    **PETITION FOR A WRIT**
                                                          )    **OF HABEAS CORPUS  (PR)**
12                                                         )
                                                          )
13   _____  )
                                                          )
14   (Enter the full name of respondent(s) or jailor in this action)  )
     _____  )
15
     ========================================================
16                  Read Comments Carefully Before Filling In

17   When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19   counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located.  If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1  Who to Name as Respondent

2       You must name the person in whose actual custody you are.  This usually means the Warden or

3  jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5  respondents.

6       If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11       1.  What sentence are you challenging in this petition?

12            (a)    Name and location of court that imposed sentence (for example; Alameda

13                   County Superior Court, Oakland):

14       CoNtRA Costa CouNtY superior-Court  MartiNez

15                   Court                              Location

16            (b)    Case number, if known  05-001460-5)

17            (c)    Date and terms of sentence  585 Years to LiFE

18            (d)    Are you now in custody serving this term?  (Custody means being in jail, on

19                   parole or probation, etc.)         Yes  X          No _____

20                   Where?

21                   Name of Institution:  CSP-Sacramento

22                   Address:  P.o. Box RePresa Calif 95671.

23       2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  Sex offenses, 27 Violations of Penal code section 288, subdivision(a)(Lewd act on a child

27  under 14), 12 Violations of section 288, subdivision(b)(1) (forcible lewd act on a child under 14) one

28  Violation of Section 288.5 (continuous sexual abuse of a child under14) and one violation
   of Section 286, subdivision(c)(1)(Sodomy of a child under 14)(§667.61 subd.(e)(5).)

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1    3. Did you have any of the following?

2         Arraignment:                           Yes _X_    No ____

3         Preliminary Hearing:                   Yes ____   No X

4         Motion to Suppress:                    Yes _X_    No ____

5    4. How did you plead?

6         Guilty ____   Not Guilty _X_   Nolo Contendere ____

7         Any other plea (specify) _____

8    5. If you went to trial, what kind of trial did you have?

9         Jury _X_      Judge alone _____   Judge alone on a transcript _____

10   6. Did you testify at your trial?              Yes ____    No _X_

11   7. Did you have an attorney at the following proceedings:

12        (a)   Arraignment                        Yes _X_     No ____

13        (b)   Preliminary hearing                Yes ____    No _X_

14        (c)   Time of plea                       Yes _X_     No ____

15        (d)   Trial                              Yes _X_     No ____

16        (e)   Sentencing                         Yes _X_     No ____

17        (f)   Appeal                             Yes _X_     No ____

18        (g)   Other post-conviction proceeding   Yes _X_     No ____

19   8. Did you appeal your conviction?            Yes _X_     No ____

20        (a)   If you did, to what court(s) did you appeal?

21              Court of Appeal                    Yes _X_     No ____

22              Year: 2005      Result: Denied _____

23              Supreme Court of California        Yes _X_     No ____

24              Year: 2007      Result: Denied _____

25              Any other court                    Yes ____    No _X_

26              Year: _____    Result: _____

27

28        (b)   If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS          - 3 -

1   petition?                                          Yes _X_    No ____

2   (c)   Was there an opinion?                        Yes _X_    No ____

3   (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                                      Yes ____    No _X_

5   If you did, give the name of the court and the result:

6   _____

7   _____

8   9. Other than appeals, have you previously filed any petitions, applications or mot⁀ ⁀ th respect to

9   this conviction in any court, state or federal?            Yes _X_    Nι ⁀ ‿

10   [Note: If you previously filed a petition for a writ of habeas͏ pus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16   (a)   If you sought relief in any proceeding other than an appeal, answer the following

17   questions for each proceeding. Attach extra paper if you need more space.

18   I.    Name of Court: _The Supreme Court of California_

19   Type of Proceeding: _Petition for review_

20   Grounds raised (Be brief but specific):   _See Exhibit A,_
     _The Trial court's Finding That Petitioner's was competent_

21   a. _was not supported by Substantial Evidence._
     _Testimony considering child Sexual abuse accommodation_

22   b. _Syndrome was erroneously admitted; CSAAS._
        (DSL)

23   c. _The Cunningham error in this case was Not Harmless._
     _Evidence code Section 801. Penal code Section 1367,_

24   d. _Penal code Section 1368, no Physical Evidence in this case._

25   Result: _Denied_ _____ Date of Result: _11-28-07_

26   II.   Name of Court: _____

27   Type of Proceeding: _____

28   Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1                a._____

2                b._____

3                c._____

4                d._____

5                Result: _____Date of Result:_____

6        III.    Name of Court: _____

7                Type of Proceeding: _____

8                Grounds raised (Be brief but specific):

9                a._____

10              b._____

11              c._____

12              d._____

13              Result: _____Date of Result:_____

14       IV.    Name of Court: _____

15              Type of Proceeding: _____

16              Grounds raised (Be brief but specific):

17              a._____

18              b._____

19              c._____

20              d._____

21              Result: _____Date of Result:_____

22     (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                           Yes _____     No_X_

24     Name and location of court: _____

25  **B. GROUNDS FOR RELIEF**

26       State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27  support each claim.  For example, what legal right or privilege were you denied?  What happened?

28  Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

1  need more space.  Answer the same questions for each claim.

2  [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: The Trial Court's finding That Petitioner was competent was

6  not supported by Substantial evidence.

7  Supporting Facts: The court totally ignored NAPA State Records, The court

8  totally disregarded the preponderence of evidence, the court expressed

9  doubt in the confidence of the testing results obtained by defense

10  experts believing them to be the exercise of Judgement, That was very much

11  Claim Two: Testimony concerning child sexual abuse was erroneously

12  admitted. CSAAS, child sexual abuse Accommodation Syndrome.

13  Supporting Facts: Defense Counsel's failure to lodge all objections to expert

14  testimony on CSAAS was ineffective assistance of counsel, Petitioner

15  contends that the wrongful admission of the CSAAS evidence was so

16  fundamentally unfair as to deprive him of his federal constitutional

17  Claim Three: The Cunningham error in This case was not

18  Harmless.

19  Supporting Facts: Petitioner was sentenced under California's determinate

20  Sentencing Law (DSL) as to counts 5 and 41, The reviewing court agreed

21  there was error under Cunningham v. California (2007) 549 U.S. __ 127

22  S. Ct. 856 [66 L.E. 2d 856] but found it harmless under this court's

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

1368

4    Penal Code Section 1367; Fote v. Robinson (1966) 383 U.S. 375, 378.) Pate, supra 383. U.S.

5    at p. 377; People v. Hayes (1999) 21 CAL. 4th 1211, 1281.) People v. Samuel, supra, 29

6    Cal. 3d at p. 505; People v. Pennington (1967) 66 CAL. 2d 508, 521.)

7    Do you have an attorney for this petition?                 Yes_____    No_X_

8    If you do, give the name and address of your attorney:

9    _____

10   WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _12-20-07_                              _mark McCain Love_

14              Date                                      Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS            - 7 -

2

B. Grounds for relief, continued from page 5 to 6 for writ of Hab. Corpus.

CONT.    From claim one.

Skewed and Bias, The court was bias in believing that defendant could assist counsel, counsel in the conduct of a defense, in a rational manner penal code section (1367) An incompetent defendant may not be tried or punished. Therefore the trial court could not have found him competent to stand trial, This error is prejudicial per se and the judgement of conviction must be Reversed.

cont.    From Claim Two
         right's
To a Fair trial. The Fact that the Jury heard the prescribed limiting instruction on this subject could not dispel the prejudice flowing from the admission of CSAAS evidence. CSAAS is Junk Science, rejected by the scientific community as well as it's very creator, Dr. Roland Summit. It has been rejected as a diagnosis by the American psychiatric Association's Diagnostic and statistical manual (DSM IV). It has been rejected by the relevant scientific community as a diagnostic tool for making child sexual abuse determinations. Brys J. Chadwick, D. (1993) The error in admitting CSAAS evidence requires reversal.

Cont.    From claim three
recent decision in People v. Sandoval (2007) 41 Cal. 4th 825. The error cannot be deemed harmless under the federal constitutional standard of chapman V. California, Supra as applied in Washington V. Recuenco (2006) 548 U.S.___ [126 S. Ct. 2977, 165 L. Ed. 2d 983], which unquestionably applies to this case of federal constitutional error. The reviewing

P.C. Petition for relief
From page 5 to 6
For Writ of Habeas Corpus

FROM claim Three                    3

cont.

Court found that the defendant's Sixth Amendment rights were violated by the imposition of the upper term sentences. It is also a True Fact that defendant had no prior criminal convictions. In any event, the violations of cunningham cannot themselves be deemed harmless, as they amounted to a complete deprivation of not only a jury trial and proof beyond a reasonable doubt, but also in the accusatory pleading. Thus, the cunningham error cannot be harmless. The defendents rights set forth by the reviewing court stated in Apprendi (Apprendi v. New Jersey (2000) 530 U.S. 466); Blakely (Blakley v. Washington (2004) 542 U.S. 296) and cunningham (cunningham v. California (2007) 549 U.S. __ [127 S. Ct. 856, 166 L. Ed. 2d 856]) were violated by imposition of the upper term sentences on counts 5 and 41.

Continued From page 7 For writ of H.B. corpus on List by name and citation only, any cases that you think are close factually to yours so that they are an example of the error You believe occured in your case. Do not discuss the holding or reasoning of these cases.

(People. V. Rells (2000) 22 Cal. 4th 860, 867-868.) (People V. Turner (1984) 37 Cal. 3d 302, 312; People V. Greenberger (1997) 58 Cal. App. 4th 298, 336.) People V. Bassett (1968) 69 Cal. 2d 122, 141; People V. Marks, supra, 31 Cal. 4th at p. 269.)

(Kelly supra, 17 Cal. 3d at p. 30.) (Bowker, Supra, 203 Cal. App. 3d at pp. 393-394.) People V. Robbie (2001) 92 Cal. App. 4th 1075, Commonwealth V. Dunkle (1992 Pa.) 602 A. 2d 830, 529 Pa. 168, Evidence Code Section 801. Newkirk V. Commonwealth (1997 KY.) 937 S.W. 2d 690, 693-696.) (People V. Turner (1990) 50 Cal. 3d 668, 703; People V. Chavez (1980) 26 Cal. 3d 334, 350, N. 5.) Strickland V. Washington (1984) 466 U.S. 668, 689-690. (Mckinney V. Rees (9th Cir. 1993) 993 F. 2d 1378, Clark V. Duckworth (7th Cir. 1990) 906 F. 2d 1174. Chapman V. California (1967) 386 U.S. 18, 24. (Watson Supra, 46 Cal. 2d at p. 836.) (People V. Bryden (1998) 63 Cal. App. 4th 159, 184), Richardson V. Marsh (1987) 481 U.S. 200, 208.) People V. Shymanovitz (9th Cir. 1998) 157 F. 3d 1154, 1161

(DSL) as to counts 5 and 41. The reviewing court agreed there was error under Cunningham V. California (2007) 549 U.S. __ [ 127 S. Ct. 856, 166 L. E. 2d 856] Sandoval, 41 Cal. 4th at p. 838.] People V. Sandoval (2007) 41 Cal. 4th 825. Chapman V. California, supra, Washington V. Recuenco (2006) 548 U.S. __ [126 S. Ct. 2977, 165 L. Ed. 2d 983], Sullivan V. Louisiana (1993) 508 U.S. 275, 279-280.) Strione V. United States (1960) 361 U.S. 212, 217; McCormick V. United States (1991) 500 U.S. 257, 269-270; (Lankford V. Idaho (1991) 500 U.S. 110, 126-127.) (U.S. Const, Art. VI, cl. 2; Delnate V. Wilson (1992) 1 Cal. 4th 1069, 1023; Cooper V. aaron (1958) 358 U.S. 1, 18.)

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: ___/___ pages.

JURISDICTION:   (Check only one)

☐   Municipal Court

☐   Superior Court

☐   Appellate Court

☐   State Supreme Court

☒   United States District Court

☐   State Circuit Court

☐   United States Supreme Court

☐   Grand Jury

*Exhibit A.*

Court of Appeal, First Appellate District, Div. 1 - No. A112739
**S157486**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

MARK MCCAIN LOWE, Defendant and Appellant.

The petition for review is denied.

SUPREME COURT
**FILED**

NOV 2 8 2007

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice