1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK M. LOWE,                                        No. C 08-005 SI (pr)

                    Petitioner,                      **ORDER TO SHOW CAUSE**

        v.

JIMMY WALKER, warden,

                    Respondent.

————————————————————/

### INTRODUCTION

Mark M. Lowe, an inmate at the California State Prison - Sacramento, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application and motion for appointment of counsel also are before the court.

### BACKGROUND

Lowe states in his petition that he was convicted in Contra Costa County Superior Court of numerous sex offenses against children and was sentenced to 585 years to life in prison. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

1

**DISCUSSION**

2        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

3   custody pursuant to the judgment of a State court only on the ground that he is in custody in

4   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A

5   district court considering an application for a writ of habeas corpus shall "award the writ or issue

6   an order directing the respondent to show cause why the writ should not be granted, unless it

7   appears from the application that the applicant or person detained is not entitled thereto." 28

8   U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are

9   vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v.

10  Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

11        The petition asserts four claims: (1) the trial court erred in finding him competent to stand

12  trial, (2) Lowe's right to due process was violated by the admission of evidence concerning the

13  child sexual abuse accommodation syndrome, (3) his attorney provided ineffective assistance

14  of counsel in failing to object to the admission of expert testimony on child sexual abuse

15  accommodation syndrome, and (4) his Sixth Amendment rights under Cunningham v. California,

16  127 S. Ct. 856, 863-64 (2007) and Apprendi v. New Jersey, 530 U.S. 466 (2000), were violated

17  by the imposition of upper term sentences on counts 5 and 41.  Liberally construed, the four

18  claims are cognizable in a federal habeas action and warrant a response.

19        Lowe has moved for appointment of counsel to represent him in this action.  A district

20  court may appoint counsel to represent a habeas petitioner whenever "the court determines that

21  the interests of justice so require and such person is financially unable to obtain representation."

22  18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the

23  district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S.

24  1023 (1987).  Appointment is mandatory only when the circumstances of a particular case

25  indicate that appointed counsel is necessary to prevent due process violations.  See id.  Based

26  on the materials in the court file, it does not appear that appointment of counsel is required in

27  this action to prevent a due process violation.  The motion for appointment of counsel is denied.

28

1

**CONCLUSION**

2

For the foregoing reasons,

3

1.    The petition states cognizable claims for habeas relief and warrants a response.

4

2.    The clerk shall serve by certified mail a copy of this order, the petition and all

5

attachments thereto upon respondent and respondent's attorney, the Attorney General of the State

6

of California.  The clerk shall also serve a copy of this order on petitioner.

7

3.    Respondent must file and serve upon petitioner, on or before **May 9, 2008**, an

8

answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

9

showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the

10

answer a copy of all portions of the court proceedings that have been previously transcribed and

11

that are relevant to a determination of the issues presented by the petition.

12

4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse

13

with the court and serving it on respondent on or before **June 13, 2008**.

14

5.    Petitioner's in forma pauperis application is GRANTED.   (Docket # 2.)

15

6.    Petitioner's motion for appointment of counsel is DENIED.  (Docket # 3.)

16

IT IS SO ORDERED.

17

DATED: April 7, 2008

_____
SUSAN ILLSTON
United States District Judge

18

19

20

21

22

23

24

25

26

27

28