

1
2
3
4
5
6
7
8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF San Francisco

10   In The Matter of                    )   NO. CO8-005 SI(Pr)
                                         )
11   VeL - NON                           )
                                         )
12   on Habeas Corpus,                   )   MOTION FOR APPOINTMENT
                                         )   OF COUNSEL ON HABEAS
13                          Petitioner,  )   CORPUS.
     _____)   _____
14                                           Gov't Code, § 15421
                                             Pen. Code,  § 1240(a)
15        Petitioner, Mark McCain Lowe      , hereby moves

16   this court for an order appointing counsel to represent him in the

17   above-entitled matter. In support of this motion petitioaer submits

18   as follows:

19        1.  He is a layman unskilled at law, a state prisoner

20   presently incarcerated at CSP/SAC., Represa, California, proceeding

21   in pro se as a poor person whd cannot afford to hire counsel;.

22        2.  Petitioner has stated a prima facie case for

23   relief as evidenced by the order issued by this court on or about

24   APRiL 8,2008, directing the respondent to show cause why relief

25   should not be granted.

26        3.  Petitioner has a right to representation by counsel

27   in all criminal matters as a matter of right under state law;

28   ////

                                i

1          4.   It would serve the public interests in the efficient

2     and proper administration of justice by appointing counsel to

3     represent indigent petitioners in criminal matters.

4          Petitioner bases this motion on the pleadings, records

5     and documents on file herein and attached hereto and on the

6     memorandum of points and authorities submitted herewith.

7          WHEREFORE, petitioner prays that this motion be granted

8     and counsel appointed to represent petitioner in this matter.

9     DATED: 4-13-08

10                                        Respectfully submitted,

11

12                                        Mark McCain Lowe
                                          _____
13                                        (Print name, No., and address below
                                          this line; sign above)

14                                        Mark McCain LOWE
                                          CDC -F18836
15    ////                                CAlif State Prison - Folsom
                                          P.O. Box 290066
16    ////                                Represa CA, 95671.

17    ////

18    ////

19    ////

20    ////

21    ////

22    ////

23    ////

24    ////

25    ////

26    ////

27    ////

28    ////

MEMORANDUM OF POINTS AND AUTHORITIES

PRELIMINARY STATEMENT

Petitioner filed the original petition in this matter on or about 12-20-07. On or about, 4-8-08, this court issued an order to show cause to respondent, finding that petitioner had stated a prima facie claim for relief. Exhibit A.

Petitioner is a layman, unskilled at law and possesses only a(n) 6 grade education. Petitioner cannot grasp the fundamental principles of law required to respond to any answer that respondent may make. Further, petitioner cannot, by virtue of his incarceration properly investigate the claims in order to respond and traverse respondent's answer; Nor could any other prisoner assisting in the preparation and filing of these pleadings. Exhibit B. (Petitioner's decl.). For the following reasons, this motion should be granted.

I

PETITIONER IS ENTITLED TO COUNSEL AS A
MATTER OF STATE LAW.

Petitioner argues that, as a matter of statutory law he is entitled to the appointment of counsel in this habeas corpus proceeding. Petitioner alleges that California Gov't Code, Section 15421 and California Penal Code, Section 1240(a) require counsel to be appointed "upon request" of the petitioner, once an order to show cause issues.

////

////

1   show cause issues from the court.

2           However, this appointment is not unconditional or

3   without bounds. Herick v Municipal Court, (1970) 8 Cal App 3d 967,

4   976 (limiting appointments to cases where adequately detailed

5   factual allegations stating a prima facie case are presented and

6   an order to show cause issues); Ligda v Superior Court, (1970) 5

7   Cal App 3d 811,824 fn 11 (right to counsel attaches under Gov't

8   Code § 15421 and Pen. Code § 1240 only if order to show cause

9   issues).

10          In the instant case the conditions precedent have been

11  met. Petitioner is incarcerated and challenging the care and

12  treatment being imposed, or, the validity of the conviction under

13  which petitioner is incarcerated. Gov't Code, § 15421.

14          Second, petitioner is indigent and unable to employ

15  counsel. Pen. Code, § 1240(a).

16          Third, an order to show cause has issued, stating that

17  petitioner has made a prima facie showing entitling him to relief

18  if the respondent does not show otherwise. Herick, supra; Ligda,

19  supra.

20          Further, the mandatory language of Pen. Code, § 1240(a)

21  leaves no room for interpretation in its purpose: safeguarding

22  the indigent prisoner's right to counsel's representation in all

23  criminal matters. Where mandatory language appears in a statute

24  created to safeguard fundamental rights of prisoners and those

25  charged with criminal offenses, the language is not directory and

26  leaves no room for construction. People v McGee, (1977) 19 Cal 3d

27  948, 962-963(quoting French v Edwards, (1872) 80 US (13 Wall.) 506.

28  511.

                                    5

1       Moreover, Habeas Corpus has been a long-standing

2  remedy to challenge unlawful conditions of confinement as well as

3  the actual validity of the conviction itself. In re Riddle, (1962

4  57 Cal 2d 848, 851; In re Harrell, (1970) 2 Cal 3d 675,682;

5  In re Davis, (1979) 25 Cal 3d 384; In re Arias, (1986) 42 Cal 3d

6  667. Modern practice and views have expanded the scope of the

7  "Great Writ" in California to include within the meaning of an

8  "unlawful" or "unconstitutional" conviction or confinement, the

9  constitutionality and lawfulness of the conditions imposed as a

10  result of that conviction and confinement. In re Riddle, supra,

11  57 Cal 2d 851; In re Harrell, supra, 2 Cal 3d 682. Accordingly,

12  Cal. Gov't Code, § 15421(b) reflects the extended role of habeas

13  corpus within its language and parameters that comes under the

14  purview of Penal Code, Section 1240(a). Therefore, this motion

15  should be granted.

16  /////

17  /////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

II

CAL. CONST., ART 1, § 15 ENTITLES MOVANT
TO THE APPOINTMENT OF COUNSEL IN STATE
CRIMINAL MATTERS, INCLUDING HABEAS
CORPUS PETITIONS AND ACTIONS.

The petitioner argues that as a matter of State and
Federal constitutional law, he is entitled to representation
by counsel in his habeas corpus proceedings now pending before
this court. .

It is well settled that a criminal defendant has the
unqualified right to the assistance of counsel in all criminal
matters. Gideon v Wainwright, 372 US 335,344 (1963); Powell v
Alabama, 287 US 45,68-69 (1932. This right has been extended to
habeas corpus proceedings and other prerogative writ actions
filed in connection with a petitioner's criminal action or
punishments suffered as a result. Bravo v Cabell, (1974) 11 Cal
3d 834,838-839 (recognizing prerogative writs in criminal cases
as part of a criminal matter requiring counsel, i.e. writs of
coram nobis, In re Paiva, (1948) 31 Cal 2d 503,509, and habeas
corpus) Id at 839.  In re Rose, (1965) 62 Cal 2d 384, Hn 1,2.

Other courts have also agreed unanimously. See e.g.
Ligda v Superior Court, supra, 5 Cal App 3d 824; Herick v Muni
Court, supra, 8 Cal App 3d 976; In re Tucker, (1971) 5 Cal 3d
171, 204-205 (Due Process right to a hearing triggers the right
to appear by counsel)(Parole Revocation proceedings). .

////

////

////

////

1    California has embraced the guarantees of the Sixth

2    Amendment within the State Constitution, Article 1, Section 15.

3    People v Pope, (1979) 23 Cal 3d 412,422-424; People v Ledesma,

4    (9186) 43 Cal 3d 171,215 N. 2. Our courts have expressly reserved

5    their right to afford greater protections of the Sixth Amendment

6    guarantees to our citizenry than the federal courts, based upon

7    state law and Article 1, Section 15, holding it to be a "document

8    of independent force, untrammeled by the parallel provisions of

9    the United States Constitution." People v Brisendine, (1976) 13

10   Cal 3d 528,538-550 (quoting Cal. Const., Art. 1, § 24, which

11   declares that "rights guaranteed by this Constituton are not

12   dependent on those guaranteed by the United States Constitution".

13   See also, Curry v Superior Court, (1970) 2 Cal 3d 707,716 ("The

14   United States Constitution requires states to provide at least as

15   much protection as it does. It does not forbid a state affording

16   greater protection that that afforded by it as a matter of

17   state law."). See also: Cooper v California, (1967) 386 US 58,62

18   (The State's highest courts are the final arbiters of state law

19   and federal courts are bound by their decisions.).

20       Further, while the federal courts hold that a state

21   prisoner habeas petitioner has no rights to counsel in a federal

22   habeas proceeding, Coleman v Thompson, 501 US 722, 756 (1991),

23   Bonin v Vasquez, 999 F.2d 425,429 (9th Cir. 1993), these

24   decisions and holdings cannot and do not negate or limit this

25   state's statutes and courts, nor can they. Cooper, supra.

26       More federal habeas petitions are considered "civil"

27   in nature, not criminal. Preiser v Rodriguez, 411 US 475 (1974),

28   and even in California indigent prisoners have no right to

1   appointed counsel to prosecute a civil action. Payne v Superior

2   Court, (1976) 17 Cal 3d 908. Thus, and although the Coleman

3   decision makes clear that state prisoners have no right to

4   counsel on collateral state habeas petitions as a Sixth Amendment

5   right, Cal. Gov't Code, § 15421(b) and Penal Code, § 1240(a)

6   make it abundantly clear that habeas corpus petitions and

7   proceedings are "criminal" actions entitling indigent prisoners

8   the right to representation and appearance by counsel consistent

9   with Cal. Const., Art 1, § 15, independent of any federal rights

10  which may or may not exist.

11      Therefore, the right to counsel in criminal matters

12  includes collateral habeas corpus proceedings by statutory

13  definition and law. Accordingly, this motion must be granted.

14

15                        CONCLUSIONS

16      For the foregoing reasons this motion must be granted

17  and counsel appointed the petitioner in this matter.

18  DATED: **4-13-08**

19                              Respectfully submitted,

20

21                              Mark McCain Lowe

22

23  ////

24  ////

25  /////

26  ////

27  ////

28  ////

EXHIBIT

A

ORDER OF COURT DATED **4-8-08**,
TO RESPONDENT TO SHOW CAUSE.

EXHIBIT

B

PETITIONER'S DECLARATION IN
SUPPORT OF MOTION TO
APPOINT OCUNSEL.

*Mark McCain Lowe*

Mark McCain Lowe

4-13-08

1
2
3
4
5
6
7
8

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF *San Francisco*

10

IN THE MATTER OF *Vel-Non*                )        NO. *C08-005 SI (Pr)*
                                          )
On Habeas Corpus                          )        DECLARATION OF PETITIONER,
                                          )        *Memorandum*          , IN
            Petitioner,                   )        SUPPORT OF MOTION TO APPOINT
                                          )        COUNSEL ON HABEAS CORPUS.
                                          )

11
12
13
14
15

I, *Mark McCain Lowe*          , declare and state:

16

    I am the petitioner in the above-entitled action, a state prisoner

17

proceeding in pro se and without counsel because I am indigent and unable to

18

afford to hire counsel; I am a layman unskilled at law and have only a grade

19

level *6* education.

20

    All statements contained herein are made upon my own perosnal

21

knowledge, and if claled upon to testify as to these statements, I could do

22

so competently.

23

    I respectfully request that this court appoint counsel to assist or

24

represent me in the above-entitled matter because:

25

    a.  I am indigent and cannot afford to hire counsel;

26

    b.  The legal complexity of the issues at bar are beyond my

27

comprehension and understanding, meaining that I cannot adequately respond to

28

any contentions that the respondent may make of a legal nature;

1

1    c.  The factual complexity of the issues are such that I will

2   require witnesses, documents and perhaps expert witnesses and statements from

3   any or all of these persons. Because I am incarcerated and indigent, I am

4   unable to do any of these things within the security parameters set by the

5   respondent at CSP/SAC. I am also not sure of what witnesses or records that

6   I will need or which will be relevant for purposes of this action.

7    d.  Even though I had the assistance of another inmate in the

8   preparation of the initial pleadings, the same security concerns and even

9   educational barriers prohibit mutual assistance by other prisoners from being

10  of any use to respond to respondent's contentions. I am thus unable to

11  respond to respondent's contentions or traverse them. I am, in short, deprived

12  of any meaningful access to the courts to prosecute this action without the

13  assistance of trained counsel.

14    I declare under the penalty of perjury under the laws of the

15  State of California that the foregoing is true and correct to my own personal

16  knowledge.

17    Executed this __13__ day of __APRiL__, __2008__, at

18  California State Prison/Sacramento County, Represa, California.

19

20  _Mark McCain Lowe_

    (Sign above; Print Name—Prison # below)

21  Mark McCain Lowe

22  ////    CA State Prison - Folsom

23  ////

24  ////

25  ////

26  ////

27  ////?

28  ////

To Clerk of U.S. District Court, For The northern District of California. I have no Knowlidg what so ever in Legal Work. I am asking the court again For a Lawyer with this motion and my petition For Review that was turned down by the supreme court on 11-28-07 in support the court will look at and please give me a Lawyer, and that on 4-8-08 a show of cause was issue For Respondant. I had to use a Layman to help me with this and it is not right For some stranger to be looking through my Legal papers when i need a Lawyer to help me.

Mark McCain Lowe

Case No. C08-005 SI (Pr)